53 So.2d 549

### TANNER v. DOBBINS.
#### 8 Div. 582.

Supreme Court of Alabama.

April 12, 1951.

Rehearing Denied June 28, 1951.

Melvin Hutson, Sherman B. Powell and Bryan McAfee, all of Decatur, for appellee.

S. A. Lynne, Julian Harris and Norman W. Harris, all of Decatur, for appellant.

BROWN, Justice.

This is the second appeal in this case. The first appeal is reported as Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520. That appeal was dismissed for the reason that the decree appealed from was not such a decree as would support the appeal and confer jurisdiction on this court. The motion for alternative mandamus was denied for the reason that the decree was merely interlocutory and subject to vacation or change by the trial court on application or motion,—an adequate remedy which the appellant did not pursue.

This appeal is from the final decree fixing the boundary line between the lands of the appellee and the appellant, but not in accordance with the contention of either of the parties or the issues formed by the pleadings.

The bill filed by the appellee on June 15, 1945 under the provisions of the statute, Code 1940, Tit. 13, § 129; Tit. 47, §§ 2, 3 and 4, conferring concurrent jurisdiction on courts of equity in respect to disputed boundary lines between coterminous owners, alleges, "that the complainant is the owner and in possession of the following described real estate, to-wit: The SW–¼ of the SE–¼ and the NW–¼ of the SE–¼, except eleven (11) acres in the Northeast corner, and except fourteen and one-half (14–½) acres evenly off the west side, all in Section 33, T 7, R 5 West, situated, lying and being in the County of Morgan, State of Alabama; that your complainant is informed and believes and upon such information and belief states and alleges as a fact that respondent is the owner of the following described real estate, to-wit: The NE–¼ of the SE–¼ and the SE–¼ of the SE–¼, all in Section 33, T 7 R 5 West, situated, lying and being in the County of Morgan, State of Alabama; thus rendering complainant and respondent coterminus land owners; that the dividing or boundary line between the lands of complainant and respondent is the half-quarter section line running north and south between and dividing the: W–½ of the SE–¼ from the E–½ of the SE–¼ in Section 33, T 7, R 5 West, situated, lying and being in the County of Morgan, State of Alabama; That the respondent has encroached upon the land owned by complainant and has constructed a fence thereon running in a north and south direction thirty-four (34) feet west from the said east boundary line of complainant's land, and the said dividing boundary line is disputed by complainant and respondent; that the respondent is trespassing on and cultivating a portion of complainant's land after she has repeatedly objected to the same, and has requested and demanded that he refrain from so doing."

And the bill prays "that on final hearing of this cause to adjudge and decree the true boundary line between the tract of land owned by complainant and that owned by respondent to be the quarter section line running north and south between and dividing the W–½ of the SE–¼ from the E–½ of the SE–¼ of Section 33, T 7 R 5 West, situated, lying and being in the County of Morgan, State of Alabama; that the respondent by order or decree of this Court be required to move the said fence from complainant's land, and that he be enjoined from thereafter trespassing on her said land, or from interfering in any way with her possession and peaceable use and occupation of the same."

The defendant in his answer "admits that he is the owner of the land alleged to be owned by him, and further admits that the complainant and the defendant are coterminus land owners, and that the land of the complainant joins the land of the defendant and lies to the west of the land of the defendant" and then avers: "That the defendant denies that he has encroached upon land owned by the complainant. The defendant further avers that the true dividing line between the land of the complainant and the land of the defendant is a line running north and south, commencing at a point on the south line of Section 33, Township 7, Range 5 West, at which is located a cedar stob, and running

from said stob in a northerly direction along a ditch for a distance of approximately 600 feet to a fence, and running thence north along said fence to the northwest corner of the land of the defendant, and that the defendant has been in continuous possession of his land up to said boundary line for a period of to-wit 25 years, all during said time claiming to be the owner of said land, and the defendant's said possession has been open, notorious, peaceable, exclusive, undisturbed, and under claim of right."

The line fixed by the decree is "a straight line running approximately north and south between said farms, which line coincides with the line on which the west side of the respondent's vegetable garden fence is located over that area covered by said fence. The property lying west of said line is declared to be the complainant's,

and the property lying east of said line is declared to be the respondent's."

As explanatory of said line we attach a plat furnished by the appellant, as to which appellee states in brief, "The plat prepared and attached to appellant's brief seems to be substantially correct, except it also fails to show the barb wire fence which defendant erected parallel with and approximately four and one-half feet west of the west fence of defendant's garden. This fact is of the utmost importance. We have been unable to find anywhere in the testimony any evidence contradicting the testimony that defendant, within the ten years next preceding the filing of the bill of complaint in this cause, erected said fence running in a north and south direction parallel with and approximately four and one half feet west of the west fence of defendant's garden."

### S.E. ¼ Section 33 T-7-S R-5-W
### Morgan County, Alabama

The testimony was taken by deposition and not in open court, hence we must examine and form our judgment as to its probative force without any presumption in favor of the findings of the court at nisi prius. We reaffirm the doctrine of Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am.St.Rep. 182, upon which appellant strongly relies, that: " * * * Possession, to be adverse, must be held under a claim of right, and there can be no adverse possession without an intention to claim title. Hence it is essential to the proper determination of the character of the possession to consider the intention with which it was taken and held. If one *occupies* land up to a certain fence, because he believes that to be the line of his land, but not having any intention to *claim* up to the fence, if it should be beyond the line, the intent to claim title does not exist coincident with the possession, and the possession up to the fence is not, therefore, adverse. * * *" 117 Ala. 528, 23 So. 136; McLester Bldg. Co. v. Upchurch, 180 Ala. 23, 26, 60 So. 173, 174.

Another principle applicable is when one enters upon land, he is presumed to enter under the title which his deed purports on its face to convey, both as to the extent of the land and the character of his interest. Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346; Dew v. Garner, 207 Ala. 353, 92 So. 647, 27 A.L.R. 5; Joyce v. Dyer, 189 Mass. 64, 75 N.E. 81, 109 Am. St.Rep. 603.

The muniments of title adduced in evidence by the respective parties purport to convey title to the quarter section line as established by the government survey. The call in the complainant's deed is for the SW¼ of the SE¼ and the NW¼ of the SE¼, except eleven (11) acres in the Northeast corner, and except fourteen and one-half (14½) acres evenly off the west side, all in Section 33, T 7, R 5 West. The call in the defendant's deed is the NE¼ of the SE¼, and the SE¼ of the SE¼, same section, township and range.

While the evidence shows that there has for a number of years existed uncertainty as to the exact location of the dividing line between the coterminous owners and their predecessors, the great weight of the evidence shows that there was no contention or claim that the line fixed by the government survey was not the true line between said two parties. The weight of the evidence shows there has been no claim to any specific segment of land situated between the two tracts, except the strip lying east of the quarter section line established by the Pattillo Survey and the defendant's west garden fence which, so far as the evidence shows, was located on the assumption and belief that it was on the quarter section line.

The burden was on the defendant to establish adverse possession. Barbaree v. Flowers, 239 Ala. 510, 196 So. 111.

The weight of the evidence shows that the ditch was dug by Hays, the immediate predecessor of complainant on his own land for draining surface water from terraces on his property. There is evidence going to show that after this litigation was started some of the "ancient landmarks" were shifted or destroyed contrary to Holy Writ (Prov. Chap. 22, Verse 28; Chap. 23, Verse 10), which, according to the Roman Law was a capital offense. The evidence also shows that the fruit trees planted in line with the garden fence and north thereof were young trees about two or three years old when the evidence in the case was taken.

After full consideration of the voluminous testimony we are at the conclusion that the defendant has failed to establish title to any part of complainant's land by adverse possession and that the true boundary line between such coterminous owners is the line established by the survey made by Lewis C. Pattillo, Registered Civil Engineer, of date October 16, 1949, embodied in the record on this appeal between pages 10C and 10D and a decree will be here rendered correcting the decree appealed from fixing and establishing said line "A", "B" as the boundary line between said coterminous properties. Smith et al. v. Cook, 220 Ala. 338, 124 So. 898; Pounders v. Nix, 222 Ala. 27, 130 So. 537.

The case is remanded to the circuit court to enforce the decree here rendered and have said line properly marked as provided by the statute. Code 1940, Tit. 47, §§ 2, 3 and 4.

Corrected and affirmed and remanded.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.