214 So.2d 685

**Ex parte E. Ray ACTON.**

**In re E. Ray ACTON**

**v.**

**BOARD OF COMMISSIONERS OF the ALABAMA STATE BAR.**

**6 Div. 137.**

Supreme Court of Alabama.

June 6, 1968.

On Rehearing Oct. 10, 1968.

Jas. L. North, Birmingham, Gary P. Smith, Truman Hobbs, Frank Riggs, III, Montgomery, Frances Hare, Birmingham, Guy Sparks, Jas. S. Hubbard, Anniston, and Chas. Nice, Birmingham, amici curiae in behalf of petitioner.

Lawrence K. Andrews, Gen. Counsel, Wm. H. Morrow, Jr., Montgomery, for State Bar.

Prince, Jones, Fowler, Propst & Topazi, Birmingham, for petitioner.

Petition for Review and Stay

PER CURIAM.

Petitioner seeks reversal in proceedings wherein the Board of Commissioners of the Alabama State Bar found petitioner guilty of violating two rules governing the conduct of attorneys and ordered that he be suspended from the practice of law for one year.

The Board found petitioner guilty of violating Rules 27 and 33 of Section A of the RULES GOVERNING THE CONDUCT OF ATTORNEYS IN ALABAMA.

The rules recite:

"No person heretofore or hereafter admitted to practice law in Alabama, shall

"* * *

"27. Misappropriate the funds of his client, either by failing to pay over money collected by him for his client, or by appropriating to his own use funds entrusted to his keeping, provided the circumstances attending the transaction are such as to satisfy the Board that the attorney acted in bad faith or with fraudulent purpose.

"* * *

"33. Be guilty of any deceit or wilful misconduct in his profession." 239 Ala. at XXIV and XXV.

The charges against petitioner are that, while he was employed by certain clients, in two separate causes, he received $400.00 at one time, and $5,500.00 at another time, as attorney for the clients, and that he failed to pay over the money to his clients and appropriated it to his own use.

Charge One recites:

"That during the year, 1960, to-wit, November 11, 1960, and also during the year 1961, to-wit, May 10, 1961, E. Ray Acton, while employed as an attorney for James Polk Warren and Ellen Warren, wife of James Polk Warren, in connection with two separate causes of action then pending in the Circuit Court for the Tenth Judicial Circuit of Alabama, Bessemer Division, Cases No. 15837 and 17202 on the docket of said court, did receive the sum of $400.00 on November 11, 1960, in Case No. 15837, said sum being paid to E. Ray Acton as Attorney for James Polk Warren and Ellen Warren by Elmore McAdory, Clerk of said court, and the said E. Ray Acton did receive the sum of $5,500.00 in Case No. 17202 on the 10th day of May, 1961, by check of Elmore McAdory, Clerk of the Circuit Court, Bessemer Division; that thereafter the said E. Ray Acton did endorse and receive payment of each of the checks received by him in payment of judgments in said two cases, and did thereafter fail to pay over the moneys so collected by him for his client or did appropriate said funds to his own use * * *."

Both cases were proceedings to condemn certain land owned by J. P. Warren for public use. In the $400.00 case, the condemnation was for a sewer line. In the $5,500.00 case, the condemnation was for a public road.

In brief, petitioner asks that we consider the evidence and reach our "own independent conclusion as to the probative force of the testimony recorded in this case."

The evidence was taken before a commissioner appointed for that purpose, transcribed, and submitted to the Board of Commissioners. As we understand the record, no witness testified ore tenus before the Board.

Petitioner says that, because the testimony was taken by deposition and not ore tenus before the trier of fact, we must examine the evidence and form our own

judgment as to its probative force without any presumption in favor of the findings of the Board. We agree. The proposition asserted by petitioner has been stated by this court in numerous cases and we think the same rule applies here. Tanner v. Dobbins, 255 Ala. 671, 53 So.2d 549; Adams v. Logan, 260 Ala. 346, 70 So.2d 786; Carnegie v. Carnegie, 261 Ala. 146, 73 So. 2d 556; Loveman v. Lay, 271 Ala. 385, 124 So.2d 93; Norden v. Capps, 272 Ala. 473, 131 So.2d 679. The Board does not contend to the contrary.

The question for decision is whether the relevant, material, competent, and legal testimony shows to the reasonable satisfaction of this court that petitioner did receive the money for his clients and appropriate it to his own use in violation of Rules 27 and 33.

In answer to the complaint, petitioner filed two pleas of the general issue and a third plea which recites:

"3. Defendant E. R. ACTON admits all the averments of said charge down to and including the words 'in payment of judgments in said two cases' but expressly denies the charging portion thereof and for answer thereto shows that prior to receipt by the Defendant of said checks the clients of the Defendant had been notified of the pending receipt of said checks by the Defendant and that aforesaid clients of Defendant had agreed that the entire sums of money represented by aforesaid checks were then and there already due and payable from aforesaid clients of the Defendant to the Defendant as and for legal fees already due or past due from said clients to the Defendant for legal services rendered theretofore, not only in the causes giving rise to said funds, but in divers and sundry other legal employment."

Formal and technical pleading is not essential to this proceeding; McCord v. State, 220 Ala. 466, 471, 126 So. 873; Ex parte Grace, 244 Ala. 267, 268, 13 So.2d

178; but the trier of fact must formulate in his own mind what the issues are and where the burden of proof lies.

Procedural Rule 22 of Section B of RULES GOVERNING THE CONDUCT OF ATTORNEYS IN ALABAMA recites:

"The rules of evidence and the degree of proof applicable to civil cases shall apply in all cases before the Board." 239 Ala. at XXVIII.

This court has said:

"It has been several times decided by this court that the proper measure of proof necessary to a verdict in civil cases is that the jury shall be reasonably satisfied from the evidence. * * *" United States Fidelity and Guaranty Co. v. Charles, 131 Ala. 658, 662, 31 So. 558, 559, 57 L.R.A. 212.

The case made by the complaint is that petitioner received money which belonged to his clients and appropriated it to his own use when he had no right to do so. The defense asserted is that petitioner did have the right to appropriate the money to his own use because the clients had agreed that the money should be petitioner's. The fact thus placed in issue is whether the clients did so agree.

The petitioner is in the position of asserting that the clients did agree, as he contends, and the Board of Commissioners is in the position of asserting that the clients did not agree. Where lies the burden of proof?

It is a general rule that the party holding the affirmative of the issue must sustain it by proof, but there are some exceptions in which the proposition, though negative in its terms, must be proved by the party who states it. Givens v. Tidmore, 8 Ala. 745, 750.

The burden of proving disputed facts rests on him affirming their existence and claiming rights or benefits there-

from. Robinson v. Smith, 207 Ala. 378, 379, 92 So. 546; Land Mortgage Investment Agency Co. v. Preston, 119 Ala. 290, 294, 24 So. 707.

Petitioner asserts the existence of an agreement whereby his client or clients indicated their assent that the money should be petitioner's money. Petitioner derives his alleged right to the money from the agreement. If the facts alleged in the complaint be proved and nothing more, the trier of fact would have no choice other than to find against petitioner. He could then be exonerated, on these pleadings, only by proof of existence of the agreement.

The only evidence to prove the existence of the agreement is the testimony of petitioner himself to the general effect that, on receiving the money, he went to see his client, J. P. Warren, and Warren told petitioner, in substance, that Warren was glad petitioner had the money and that petitioner should keep it in payment for his past services for Warren.

Petitioner's testimony contains at least one discrepancy with respect to the day when Warren agreed that petitioner should keep the $5,500.00. To be considered also are petitioner's interest in the outcome of the proceedings and the probability or improbability that a man of Warren's disposition would, almost casually, agree to allow petitioner, or anyone else, to keep $5,500.00 to which Warren had a claim.

On the other hand, Warren denies making the agreement. On the doctrine of *falsus in uno, falsus in omnibus*, Warren's credibility is open to serious question. He testified that he never received any notice at all of the $5,500.00 case, had no knowledge of it, and never talked to petitioner about it. Warren's testimony is contradicted by the return of the sheriff showing service of citation on Warren in the $5,500.00 case. Warren's testimony is contradicted also by the testimony of his wife that she received a letter from petitioner to Warren in which petitioner reminded Warren that he must go to court on September 28, two weeks after the date of the letter, for a hearing in the $5,500.00 case. Mrs. Warren testified that she is sure she discussed the letter with her husband. The testimony of both Warren and his wife cannot be true. Also to be considered is Warren's financial interest in the recovery of part or all of the $5,900.00 in another proceeding which was pending at the time Warren testified.

We have considered the evidence carefully and in detail in conference, and after such consideration, we cannot say that we are reasonably satisfied by the evidence that Warren did make the agreement that petitioner should keep the $5,500.00. The evidence is such that it leaves us in a state of doubt and uncertainty as to whether Warren made the alleged agreement.

When the burden of proving a fact rests upon a party, and the evidence leaves the fact in a state of doubt and uncertainty, it cannot be regarded as established. Brandon v. Cabiness, 10 Ala. 155; Garrett v. Garrett's Adm'r, 64 Ala. 263, 266.

Petitioner testified that he did receive the $400.00 and the $5,500.00; that he did not pay the same to Warren; and that petitioner spent the money for his own personal use.

Because the evidence leaves us in doubt and uncertainty as to whether Warren made the alleged agreement, we conclude that petitioner has not carried the burden which rested on him to prove the agreement. Proof of the agreement to the reasonable satisfaction of the trier of fact is necessary to justify petitioner's retention and use of the money.

Because the evidence shows, without contradiction, that petitioner did receive the money, did not pay it to his clients, and did appropriate it to his own use, and, because the evidence fails to reasonably satisfy us that the clients agreed that petitioner should keep the money, we are compelled to conclude that the allegations of

the complaint are sustained by the evidence and that it is our duty to so declare by affirming the action of the Board.

We are reasonably satisfied from the evidence that petitioner did not establish his defense and that the burden of proof which rests on the Board of Bar Commissioners was met.

Affirmed.

LIVINGSTON, C. J., and MERRILL, COLEMAN, HARWOOD, and KOHN, JJ., concur.

LAWSON and SIMPSON, JJ., dissent.

LAWSON, Justice (dissenting).

If the Court's opinion is based on a holding to the effect that the burden was on the petitioner here to prove his innocence of the charges directed against him, then I would feel compelled to dissent. Re Disbarment of Charles E. Gorsuch, 76 S.D. 191, 75 N.W.2d 644, 57 A.L.R.2d 1355. But I am not certain of the exact holding of the Court on that question.

That question aside, I feel that the action of the Board of Commissioners of the Alabama State Bar should be reversed in that I am not reasonably satisfied from the evidence that petitioner is guilty of the charges made the basis of his suspension.

SIMPSON, J., concurs in the foregoing dissent.

### ON REHEARING

PER CURIAM.

On original deliverance, we held that the burden of proof rested on petitioner to reasonably satisfy the trier of fact that an agreement was made by petitioner's client, Warren, to the effect that petitioner should have and retain the proceeds of the two condemnation cases in payment for past services rendered by petitioner for Warren. We held further that, after consideration of the evidence, we were left in uncertainty and doubt and were not reasonably satisfied that Warren made the agreement mentioned above. From these premises, we concluded that petitioner had not supported the burden of proof that rested on him and, therefore, decided that the charges against him were sustained and that the judgment of guilt ought to be affirmed.

On application for rehearing, petitioner's counsel points out that we failed, on original deliverance, to take into account and give effect to the concluding proviso of Rule 27, which recites that no attorney shall misappropriate the funds of his client by failing to pay over money collected by the attorney for the client, "provided the circumstances attending the transaction are such as to satisfy the Board that the attorney acted in bad faith or with fraudulent purpose."

■ Rule 27 does not make guilty of misconduct an attorney who merely fails to pay over money collected for his client. The concluding proviso of the rule makes bad faith or fraud on the part of the attorney a necessary element of the offense charged. By the express terms of Rule 27, petitioner cannot be found guilty of violating that rule unless the attending circumstances "are such *as to satisfy the Board* that the attorney acted in bad faith or with fraudulent purpose."

■ Acting through its appropriate officers, the Board charged that petitioner violated Rule 27. Under that rule, the Board, as plaintiff, must "satisfy the Board," meaning the Board sitting as the trier of fact, that the attending circumstances were such as to show that petitioner acted in bad faith or with fraudulent purpose. On original deliverance, we held that the burden rested on petitioner to prove to our reasonable satisfaction that Warren made the alleged agreement. In so doing, we held that petitioner had the burden of proving the attending circumstances so as to establish his innocence. After further consideration, we are persuaded that such a holding is contrary to the requirements of Rule 27 and is in error.

■ We remain in doubt and uncertainty as to whether or not the evidence shows that petitioner acted under an agreement made by Warren. Reviewing the evidence de novo, without presumption for or against the finding of the Board of Commissioners, we are not reasonably satisfied that petitioner acted in bad faith or with fraudulent purpose. According to Rule 27, the Board has the burden of proving by evidence, to the reasonable satisfaction of the trier of fact, that petitioner acted in bad faith or with fraudulent purpose.

Petitioner was also convicted of violating Rule 33, which forbids that petitioner be guilty of any deceit or wilful misconduct in his profession. The facts charged as being a violation of Rule 33 are the same facts charged as being a violation of Rule 27.

■ From the evidence, we are not reasonably satisfied that, under the circumstances attending the transaction, petitioner acted in bad faith or with fraudulent purpose or that he is guilty of any deceit or wilful misconduct in his profession.

Since the burden is on the Board of Commissioners to prove these matters to our reasonable satisfaction and the Board has not carried the burden of proof which rested on the Board, it is our duty to so declare.

Accordingly, the application for rehearing is granted, the judgment is reversed, and a judgment will be here rendered finding petitioner not guilty. Rule No. 28 of Section B of Rules Governing The Conduct of Attorneys, 239 Ala. XXIX; Title 46, § 25(e), Code 1940; Ex parte Cooke, 263 Ala. 481, 486, 83 So.2d 195, 200, on rehearing ¶ [7]; Ex parte Thompson, 228 Ala. 113, 127, 152 So. 229, 241, 107 A.L.R. 671, on rehearing ¶ [9].

Rehearing granted.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, and KOHN, JJ., concur.