230 So.2d 514

**In the Matter of J. Robert HUIE.**

**J. Robert HUIE**

**v.**

**BOARD OF COMMISSIONERS OF the ALABAMA STATE BAR.**

**3 Div. 276.**

Supreme Court of Alabama.

Jan. 8, 1970.

Rehearing Denied Feb. 5, 1970.

Fred Blanton, Birmingham, for petitioner.

William H. Morrow, Jr., Montgomery, for Alabama State Bar.

PER CURIAM.

We review a proceeding before the Board of Commissioners of the Alabama State Bar, herein referred to as the Board, wherein J. Robert Huie was found guilty of certain charges and disbarred from the practice of law. He is sometimes herein referred to as petitioner.

In substance, the charges are to effect that Huie, either in person or in association with other attorneys, did represent certain parties in divorce cases in Alabama; that in said cases neither party to the suit was a resident of Alabama; that Huie had knowledge or reasonable cause to believe that neither party to the suit was a bona fide resident of Alabama at the time of filing the bill of complaint therein; and that, with such knowledge or reasonable cause for belief that neither party was a resident of Alabama, Huie, either in person or in association with another attorney, did submit to certain courts of this state certain cases wherein the pleadings and testimony falsely represented that complainant was a resident of Alabama.

The charges fall into four groups. Charges 1 through 4 relate to 76 cases in Geneva County; Charges 5 and 6 to 13 cases in Marion County; Charges 7, 8, and 9 to a case in Jefferson County; and Charges 10, 11, and 12 to a case in Winston County.

Certain charges in each group allege violation of amended Rule 25, of Section A, of Rules Governing The Conduct of Attorneys, approved October 23, 1961. This rule will be referred to as Rule 25. It is set out in 272 Ala. at pages XXI and XXII and is copied at length in: In re Sullivan, 283 Ala. 514, 518, 519, 219 So.2d 346; In re Griffith, 283 Ala. 527, 531, 219 So.2d 357; and Smith v. Board of Commissioners of Alabama State Bar, 284 Ala. 420, 225 So.2d 829, 830, 831.

Certain charges in each group allege violation of Rule 36 of Section A of said rules which recites:

"36. No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law." (239 Ala. XXV)

Charges 8 and 11 allege violations of Rule 16 of Section A of said rules which recites:

"No person heretofore or hereafter admitted to practice law in Alabama, shall

"* * *

"16. Introduce or offer to introduce any testimony which he knows to be false or forged." (239 Ala. XXIV)

Counsel for Huie ably and vigorously represented him and filed numerous motions and objections which were overruled by the Board. The issues formally raised by these pleadings and the action of the Board in overruling Huie's motions and objections are the subject of the assignments of error first argued by counsel for Huie and will be first considered in this opinion.

*Assignment II.*

Petitioner filed a pleading entitled Objection to Jurisdiction of Board of Commissioners of the Alabama State Bar, and the Board overruled the objection. Petitioner assigns this action of the Board as error and argues that his objection should have been sustained on Grounds A, B, and C.

In Grounds A and B, petitioner asserts that the Board of Commissioners is unconstitutionally established and without jurisdiction to try petitioner and was also without jurisdiction to promulgate Rule 25; all for the reason that the Board is composed

of members who are elected, one member from each judicial circuit in the state, and because the number of lawyers and the number of people in some circuits are much greater than the numbers of lawyers and people in other circuits.

Ground C is that the Board is unconstitutionally established in violation of Sections 42 and 43 of the Constitution of 1901 which require separation of the powers of government among three separate magistracies.

These are the same issues which were raised by Assignment II in In re Sullivan, supra, 283 Ala. at 521, 522, 219 So.2d 346 and there decided adversely to petitioner's contentions. For the reasons stated in *Sullivan,* Assignment II in the instant case is not sustained.

### Assignment III.

In this assignment, petitioner asserts that the Board erred in overruling his objection to certain members of the Board sitting in the instant case. Petitioner says those certain members objected to were not qualified to sit in the instant case because they were members of the Board when Rule 25, as amended, was adopted by the Board in 1961.

This is the same assignment which was presented as Assignment III in *Sullivan* and, for the reasons there stated, is not sustained.

### Assignments V and VI.

In these assignments, petitioner asserts that the Board erred in overruling his motions to suppress certain depositions which were taken and introduced into evidence in the instant case.

In Ground 1 of the motions to suppress, petitioner asserts that the depositions are due to be suppressed because, if the depositions were taken under authority of Title 7, § 457, Code 1940, the depositions were not admissible for that no affidavit was made as required by Title 7, § 458.

In Ground 2 of the motions, petitioner asserts that the depositions are not admissible under authority of Act No. 375, Acts of 1955, Vol. II, page 901; which appears in 1958 Recompiled Code, Title 7, § 474(1) et seq.; because Act No. 375 does not apply to disbarment proceedings.

These same contentions were made and decided adversely to petitioner in *Sullivan* under Assignment V, and, for the reasons there stated, Assignments V and VI in the instant case are not sustained.

### Assignment VII.

Petitioner asserts that the Board erred in overruling his objection to Timothy M. Conway's appointment as commissioner to take depositions on the ground that Conway was a licensed member of the Alabama State Bar.

The action of the Board was not error. See Assignment VII in *Sullivan.*

### Assignment X.

Petitioner says that, by improper argument made before the Board by Mr. Mims as counsel for the Grievance Committee, petitioner "* * * has been prejudiced to the point where this Court cannot consider in any respect the judgment of disbarment entered by the Board of Commissioners * * * in its review of this record."

This court has read in consultation the argument made by Mr. Mims, as set out on pages 540 through 543 of the record, and are of opinion that the argument there appearing does not require reversal of the judgment of disbarment.

### Assignment VIII.

Petitioner assigns as error that the Board erred in overruling his motion to dismiss the complaint as amended, which motion contains 52 grounds.

(1) In Grounds 8 and 35 of the motion to dismiss the complaint, petitioner asserts that Rule 25 is in conflict with interpreted statutory law, to wit: §§ 27 and 29, Title

34, Code 1940, as amended; and, therefore, that Rule 25 is void and violates the constitutional guaranty of due process. In *Sullivan*, under Assignment IX, this contention was held to be without merit and we follow that holding here.

(2) In Grounds 41 through 46, petitioner asserts that Rule 25 violates his rights to equal protection and due process under the state and federal constitutions. In considering Assignment IX, in *Sullivan*, this court held this contention to be without merit, and we follow that holding here.

(3) In Grounds 47 through 49, petitioner asserts that the Grievance Committee was illegally appointed by the President of the State Bar. This contention is without merit under authority of *Sullivan*, in which see Assignment IX.

(4) In Grounds 50 through 52, petitioner asserts that the officers of the State Bar are without power to act in this proceeding inasmuch as they were illegally and unconstitutionally elected. This contention is without merit under authority of *Sullivan*, in which see discussion in Section 4 under Assignment IX, paragraph [16].

(5) In Grounds 10, 11, 37, and 38, petitioner again contends that composition of the Board is illegal because of disparity in the number of lawyers in judicial circuits. This contention has already been held to. be without merit in consideration of Assignment II, supra.

(6) In argument in support of Ground 5 of the motion to quash the complaint, petitioner says, with reference to charges laid under Rule 36:

"In fact, it appeared to be the position of the Grievance Committee that this charge pertained to refusal to testify on the part of the defendant. * * *"

The record shows that the petitioner did refuse to testify when he was called as a witness by the Grievance Committee, but the charges laid under Rule 36 do not specify his refusal to testify as a violation of Rule 36 or any other rule. We do not understand that his refusal to testify is in anywise made the basis of any complaint against petitioner in this record. Ground 5 is not well taken.

### *Assignment I.*

This assignment does not arise out of any pleading filed on behalf of petitioner. Petitioner simply argues that the judgment of disbarment ought to be set aside because the legal evidence is not sufficient to support a finding that he is guilty of any charge made against him in the instant proceeding. We will consider whether the legal evidence is sufficient to support a finding that petitioner is guilty of the things he is charged with having done as set out in Charges 7, 8, and 9.

We review the evidence de novo without any presumption in favor of the findings of the Board because the testimony was taken by deposition and not ore tenus before the trier of fact. This rule of review has been stated by this court in numerous cases, and, in Ex parte Acton, 283 Ala. 121, 214 So.2d 685, this court held that the rule applies to review of disbarment proceedings. See the authorities cited in § [1] in *Acton* and also: Martin v. Culpepper, 253 Ala. 412, 44 So.2d 568; Shubert v. Lacy, 257 Ala. 629, 60 So.2d 442; and Kennedy v. State Department of Pensions and Security, 277 Ala. 5, 166 So.2d 736.

Charge 7 recites:

### *"CHARGE SEVEN*

"(Violation of Rule 25, Section A)

"On, to-wit, January 27, 1965, the said attorney did submit to the Circuit Court, Tenth Judicial Circuit of Alabama, a divorce case, namely, George E. Anderson vs. Loretta A. Anderson, in Equity, Case No. 137–515, wherein the Bill of Complaint and deposition of complainant represented to the Court that the complainant was a bona fide resident of the State of Alabama, when, in truth and in fact,

the said attorney knew, or had reasonable cause to believe, that neither the complainant nor the respondent was a bona fide resident of the State of Alabama.

"The Grievance Committee charge that in doing the above described acts, the said attorney was guilty of violating or failing to comply with Rule 25 of Section A of the Rules Governing the Conduct of All Persons Admitted to the Practice of Law in the State of Alabama, the same having been heretofore attached to the pleadings in this cause."

In Charge 8, the Grievance Committee charges that petitioner violated Rule 16 which is quoted above. The facts alleged in Charge 8 are the same facts alleged in Charge 7 relating to the Anderson case.

A copy of the file, or the original, in Case No. 137–515 is in the record. The bill of complaint is signed by petitioner as solicitor for complainant. He alleges:

"1. Complainant is over the age of twenty-one years and is a bona fide resident citizen of Jefferson County, Alabama. That the respondent is likewise over the age of twenty-one years and she is a resident of this county and state."

In the same file, the deposition of complainant recites:

"My name is George E. Anderson. I am the above named Complainant in this divorce suit in which my wife is the Respondent. Her name is Loretta A. Anderson. I am thirty-four years old, and I am a bona fide resident citizen of the State of Alabama and Jefferson County. I have been such for the time required by law. I am now employed by the A. & P. Tea Company. My wife is thirty-three years old, and she is not residing in this County and State at this time."

In Charge 9, the Grievance Committee alleges the same facts as in Charge 7 and charges that the same constitute a violation of Rule 36, supra; i. e., that petitioner is guilty of conduct unbecoming an attorney.

It is clear and, we think, undisputed that petitioner did represent complainant in the Anderson case. The bill of complaint is marked as filed by the register on "JAN 27 1965." A final decree granting a divorce is dated the same day.

Under date of February 17, 1965, the same judge who signed the divorce decree of January 27, 1965, signed a decree setting aside the decree of January 27, 1965.

The respondent, Loretta A. Anderson, testified before a commissioner in New Jersey. Counsel for petitioner were present at her examination and counsel for petitioner cross-examined her. She testified that her residence address is: 34 Spruce Street, Carteret, New Jersey; that she has resided there thirteen years; and that she has been a resident of New Jersey all her life. It appears to be clear and, it seems, undisputed that she is not and never has been a resident of Alabama.

She testified further that she and George E. Anderson are married; that they separated in 1961; that he lived in Sewaren for a while and then moved to Perth Amboy; that he filed suit for divorce in 1961, approximately, and the suit was thrown out of court; that on or about December 24, 1964, he came to the house where she lived; that she signed a paper; that the answer in the file in Case No. 137–515 is not the paper she signed but the signature on the answer is her signature; that the next day she went to the office of an attorney, Edward J. Dolan, in Carteret; that she called her husband on the telephone and talked to him; that after the telephone conversation with her husband on December 25, she saw him at a department store in Woodbridge, New Jersey, between December 25 and January 15; that after January 27, she got the final decree from Alabama; she took it to Dolan's office; a couple of days later her husband called her; that her husband is with the A & P Company in Rahway; that after the divorce decree was called off, he called

practically every day for two weeks, and she had her phone number changed; that in December, 1964, and January and February, 1965, he was making weekly payments for child support and she got a check every week from the court in New Jersey.

Edward J. Dolan testified before the commissioner in New Jersey also. Dolan testified that Loretta A. Anderson came to his office around December 24, 1964; she told him she had signed a paper for the husband; that he placed a call to petitioner's office in Birmingham; that someone else answered; that Dolan asked to have petitioner return his call; that Dolan got a return call from a man who said he was petitioner; that Dolan told petitioner that both the Andersons were nonresidents of Alabama; that petitioner said the case would not proceed further; that Dolan wrote and sent to petitioner a letter dated December 24, 1964, which is in evidence and recites in part as follows:

"RE: George Andersen
vs: Loretta Andersen

"Dear Mr. Huie:

"This is to advise that this office represents Loretta Andersen of Carteret, New Jersey whose husband is represented by your office for the purposes of obtaining a divorce in the State of Alabama.

"George Andersen is a bona fide resident of the State of New Jersey. He attempted to obtain a divorce from his wife in this State and said divorce was denied, within the past 3 months by the Courts of the State of New Jersey.

"*   *   *

"If her husband proceeds against her in the State of Alabama, she intends to contest said divorce and also the jurisdiction of the Court to hear and to enter judgment of divorce, as neither she nor her husband are bona fide residents of Alabama."

Sometime later, Dolan received, he thinks, from Mrs. Anderson, a copy of the divorce decree of January 27, 1965. He wrote to the trial judge and others.

There is in evidence a copy of a letter from petitioner to Dolan dated February 10, 1965, which contains the following statements:

"Re: Mrs. Loretta Anderson

"Dear Mr. Dolan:

"I received today the copy of your letter to the Clerk of the Circuit Court concerning the above-styled case.

"I owe you an apology and will do whatever is reasonable to correct a mistake inadvertently made by this office. I had two Anderson files for some unknown reason, and your letter to me of December 24th, and the reply thereto, were misplaced in the wrong file. Consequently, in the rush of business, when Mr. Anderson appeared in my office with the signed Answer and Waiver, representing same to me to be his wife's signature, this office processed the case.

"Today I have discovered your letter of December 24th, and if Mrs. Anderson wishes to contest the divorce I will certainly do nothing to stand in the way of this contest. However, since my file indicates that the parties have been separated for a long period of time, could it be that Mrs. Anderson may wish to reconsider the matter, that this could be the best solution to her marital difficulties?

"*   *   *

"If you wish to discuss this further with your client and let me know what action if any you may wish to take. I would appreciate it if you would correspond directly with me rather than the court."

In December, 1964, Dolan called George E. Anderson at the A & P store in Rahway and talked with him.

From the evidence summarized above, we are reasonably satisfied that George E. Anderson was a resident of New Jersey

and was not a resident of Alabama in December, 1964, or January, 1965, when Case No. 137–515 was filed by petitioner, and further that petitioner had knowledge that Anderson was not such a resident at that time. Petitioner's letter of February 10, 1965, to Dolan acknowledges that petitioner had received Dolan's letter of December 24, 1964, which plainly states that George Anderson is a resident of New Jersey. We are not persuaded that the statement with reference to two Anderson files contained in petitioner's letter of February 10, 1965, is sufficient to exonerate him.

The finding stated above is sufficient to support the judgment of guilt on Charges 7, 8, and 9, and the punishment of disbarment.

This record contains 546 pages. No useful purpose would be served by extending this opinion to include consideration of the evidence which was introduced in support of the other nine charges and we pretermit discussion of them. The evidence supporting Charges 7, 8, and 9 sustains the judgment of disbarment and we deem it proper to rest affirmance on those charges alone.

Affirmed.

All the Justices concur except LAWSON, J., not sitting.