Four charges were filed against James H. Dodd for solicitation in violation of Disciplinary Rule 2-103 (A)(1), Code of Professional Responsibility. Two of these charges were subsequently nol prossed. The Board of Bar Commissioners found Dodd not guilty on one of the remaining charges and guilty on the other charge. He was suspended from the practice of law for two years. He appealed.
This proceeding before the Board of Bar Commissioners occurred prior to the effective date of the new Rules of Disciplinary Enforcement, published in Alabama Reporter, 353-355 So.2d XXXVII (1977-78). The Board of Bar Commissioners, therefore, had before it only a written record of proceedings held before one commissioner. In other words, the Board of Bar Commissioners did not hear the evidence at first hand, but only reviewed a record. Therefore, no presumption of correctness attaches to the Commissioners' findings of fact. The rule of review in such cases has been stated many times. Where testimony is not taken orally before the Board of Bar Commissioners, but instead was taken before a commissioner, reduced to writing and reviewed in that form by the Board of Commissioners and then appealed, it then becomes the duty of this court to examine all of the evidence and to form its own judgment as to its probative force without any presumption in favor of the finding of the Board. Smiley v. Board ofCommissioners of Alabama State Bar, 286 Ala. 216, 238 So.2d 716
(1970); Ex parte Acton, 283 Ala. 121, 214 So.2d 685 (1968);Norden v. Capps, 272 Ala. 473, 131 So.2d 679 (1959); Loveman v.Lay, 271 Ala. 385, 124 So.2d 93 (1960); Carnegie v. Carnegie,261 Ala. 146, 73 So.2d 556 (1954); Adams v. Logan, 260 Ala. 346, 70 So.2d 786 (1954); Tanner v. Dobbins, 255 Ala. 671,53 So.2d 549 (1951).
This procedure is a cumbersome one and casts a heavy burden on this court. Hopefully, it has been materially improved by the adoption recently of the new Rules of Disciplinary Enforcement. However, in this case we have done what we are required to do — we have examined all of the *Page 977 
evidence adduced in support of the charge on which Mr. Dodd was found to have violated Rule 2-103 (A)(1) of the Code of Professional Responsibility, which provides:
"(A) A lawyer shall not:
 "(1) Solicit his employment or professional engagement or the professional employment or engagement of another whose partner he is, or from whose employment there is an expectation of profit or benefit, directly or indirectly, to himself."
We conclude that the State Bar has failed to carry its burden of proving the charged attorney guilty of violating this rule. The privilege to practice law is a valuable possession. No one should be removed or suspended from the practice of his profession on evidence which leaves his guilt of the charge unclear. In Ex parte Acton, supra, 283 Ala. at 125,214 So.2d at 688, we said:
 "When the burden of proving a fact rests upon a party [here the State Bar], and the evidence leaves the fact in a state of doubt and uncertainty, it cannot be regarded as established. . . ."
In this case, four witnesses, albeit relatives of Dodd, testified that Mrs. Myrtle Holt, who had been severely injured in an automobile accident, asked that Mr. Dodd be sent to the hospital. It is undisputed that he went and that Mrs. Holt signed a contingent fee contract authorizing Dodd to represent her. Mrs. Holt does not deny that he did represent her to her satisfaction in the settlement of her case. There was some dispute about Dodd's fee and he reduced it. Mrs. Holt, the only witness against Dodd, insists that she did not send for him, but acknowledged that she had known him socially for some years and met him through his relatives who testified that she asked them to send him to see her.
Rule 2-103 (A)(1) expressly forbids a lawyer's solicitation of his employment and it should be strictly enforced. Lawyers should be required to observe the rules and should be mindful not to conduct themselves so as to give the appearance of violating them. But the State Bar has the burden in a disciplinary proceeding to show by the evidence that the lawyer has violated the rules. Having reviewed all of the evidence without any presumption, we are not reasonably satisfied from it that Dodd violated the above rule. The State Bar failed to carry the burden placed on it by the law. Its decision is, therefore, reversed and the cause is rendered in favor of appellant.
REVERSED AND RENDERED.
All the Justices concur.