ALMON, Justice.
This is an appeal from a judgment based on a directed verdict in favor of defendants/appellees at the close of the plaintiff/appellant’s evidence. We affirm.
On May 8,1975, Mr. Keith Rice purchased a cow from Arab Stockyards, Inc., for Mr. Erskine Mitchell. He was paid a $10 commission by Mr. Mitchell. The cow was bought as a dairy cow. Mr. Rice took the cow to his farm that night and delivered it to Mitchell the next day.
Mr. and Mrs. Lipe had brought the cow from Illinois along with several other cows, to be sold at the stockyard.
In July of 1975, the Department of Agriculture tested the milk from Mitchell’s herd and it indicated the presence of brucellosis. Brucellosis is an infectious disease of animals and man. Its common name is Bang’s disease. Brucellosis impairs the breeding efficiency of cows and causes some of them to abort their calves. It also can infect a cow’s udder and be transmitted to anyone drinking the raw milk of the cow so infected. Shortly after the Department of Agriculture’s test, Dr. Pass came to Mitchell’s farm and tested his herd. Dr. Pass tested all of Mitchell’s cows that were 18 months of age or of breeding age except several “cull” cows that had been removed from the herd. The results indicated that the cow bought from Arab Stockyards was the only cow to test positive for brucellosis. Mitchell’s herd was quarantined until late 1978 or early 1980 as a result of the spread of the disease. Mitchell had to sell 73 cows for slaughter because of the disease.
*995 Mitchell brought suit against Arab Stockyards, seeking damages for breach of implied warranties and breach of contract. Mitchell specifically alleged that the cow was warranted by implication to be fit and suitable for the purpose for which it was intended to be used, Le., use as a healthy, dairy cow. It was also alleged that the cow was warranted by implication to be of merchantable quality. The Lipes, Mr. Rice and Hubert Tolleson were added as defendants by amendment to the complaint. Mr. Tolle-son was the chairman of the board of Arab Stockyards, Inc. Mr. Rice was later dismissed as a defendant.
When the plaintiff rested his case, the defendants, Arab Stockyards, Tolleson and the Lipes, filed motions for a directed verdict. The trial judge granted the motions on two grounds: (1) there was not a scintilla of evidence that the cow was diseased with brucellosis when sold on May 8, 1975, and (2) there was insufficient or no notice under the implied warranty of merchantability statute.
Appellant Mitchell asserts the trial court erred in granting the motions for directed verdict.
The trial judge stated in his order that it would only be a “guess, surmise or conjecture” that the cow was diseased when sold. We agree.
Even viewing the evidence in a light most favorable to the party opposing the directed verdict, we find Mitchell did not meet his burden of proof and therefore any verdict in his favor would necessarily be based on conjecture or speculation.
In Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946), this Court stated:
“ ‘As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. There may be two or more plausible explanations as to why an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only. On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a judicial basis for such a determination, notwithstanding the existence of other plausible theories with or without support in the evidence.’
“The proof in this case, in our opinion, goes no further than to show that the force with which the truck hit the curb wall could have been caused by defendants’ truck driver driving at an excessive rate of speed. But we do not think that the proof warrants the conclusion that it did so occur, since from the same proof the force of the impact can with equal probability be attributed to mechanical failure of the truck. As we view the evidence, it is without selective application to either of the theories of causation and, therefore, they remain conjectures only. The evidence does not point to any one theory of causation indicating a logical sequence of cause and effect.”
Even though the Court in Harper was speaking in relation to a truck accident, we think the same principle applies equally well here. The evidence presented by the plaintiff goes equally to show the cow contracted the disease after the sale as it does to show the cow was diseased at the time of sale.
“When the burden of proving a fact rests upon a party, and the evidence leaves the fact in a state of doubt and uncertainty, it cannot be regarded as established.” Ex parte Acton, 283 Ala. 121, 214 So.2d 685 (1968).
According to the evidence, brucellosis can be transmitted in many ways. The testimony at trial was to the effect that the disease could be transmitted by saliva from one cow to another. It can be transmitted by a feed or water trough. It can be spread through breeding and artificial insemination. The brucellosis bacteria can live, depending on the conditions, from a very short time to sixty days. This testimony illustrates the speculative nature of the plaintiff’s evidence. The cow in question, after being purchased by Mr. Rice, was *996 transported in his trailer, which had also transported other cows. The cow was kept overnight in Mr. Rice’s barn, where it was fed and watered. There had been other cows in Mr. Rice’s barn. The next day, Mr. Rice transported the cow to the plaintiff’s farm, again using the trailer that had been used for other cows. Once at the plaintiff’s farm, the cow was put with the rest of the herd. Prior to the test of the herd by the Department of Agriculture, some cows were removed from the herd and were never tested for the disease.
The cow was tested in Illinois on May 5, 1975, for brucellosis and again on the date of sale. Both tests were negative for bru-cellosis. The blood taken from the cow on the date of sale was also sent to the State Laboratory in Auburn. Another test for brucellosis was conducted there, which test also was negative.
The plaintiff had the burden of proving the cow had the disease on the date of sale or at least that it was more probable than not that it was diseased on the date of sale. The plaintiff did not meet this burden and therefore the trial court was correct in directing a verdict for the defendants.
There were other issues presented for our review but we do not reach them due to our holding above. However, we do wish to say that there was a great deal of evidence favorable to the plaintiff that was excluded by the trial court. We have examined all the excluded evidence and have determined that if there was any error in the exclusion of evidence it was harmless error and therefore would not require reversal.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.